Garrison R. Corwin, Jr., Esq. Fire District Counsel, Fairview
I am writing in response to your request for an Attorney General's opinion as to the civil service status of an appointive fire district treasurer. Specifically, you have asked whether the position falls within the classified or unclassified service.*
In an earlier opinion, we addressed the classification of the secretary to the board of commissioners of a fire district (Op Atty Gen No. 85-52). At that time, we found that the board of commissioners of a fire district is a legislative body for purposes of section 35 of the Civil Service Law (id.).
The duties of the fire district secretary, as set forth in section 178
of the Town Law, include the following:
 "He shall attend all meetings of the board of fire commissioners, act as clerk thereof, and keep a complete and accurate record of the proceedings of each meeting and of all propositions, rules and regulations adopted pursuant to this article" (Town Law, § 178).
Because of the extent of the secretary's involvement with the legislative function of the board, we concluded that the secretary's "principal functions and duties are directly related to the performance of the legislative function of [the board]", and that the position falls within the unclassified service (Civil Service Law, § 35).
The principal duties and functions of the fire district treasurer, however, are not directly related to the legislative function of the board. As described in section 177 of the Town Law, the treasurer's duties do not come within that ambit. The treasurer must disburse funds when directed to do so by the board, and must make an accounting and report to the board at the annual organizational meeting, which includes providing records of all expenditures during the past fiscal year (id.,
§ 177). Unlike the secretary who is required to attend meetings and record the legislative business of the board, the treasurer is not required to attend meetings other than the organizational meeting. You state that your treasurer is involved in the budgetary process and advises the board of fire commissioners as to the fiscal impact of proposed actions. It is, however, the powers and duties of the treasurer under State law that control his classification under section 35
of the Civil Service Law. Although your treasurer may participate in the legislative functions of the board, in light of the treasurer's other duties, this participation does not make the treasurer's principal function directly related to the board's legislative function, as required by section 35. This leads us to conclude that an appointive treasurer does not fall within the unclassified service under section35 of the Civil Service Law.
We conclude that an appointive fire district treasurer is a member of the classified civil service.
* Section 174 of the Town Law provides that the fire district treasurer is to be elected for a term of three years (Town Law, §174[2]). Treasurers that are elected under this section are members of the unclassified service pursuant to Civil Service Law, § 35(a) which provides that the unclassified service includes "all elective officers". Notwithstanding section 174, a fire district may make the office of fire district treasurer appointive (Town Law, § 176[2-a]). The Fairview Fire District has chosen to make the position an appointive one and this opinion is, of course, limited to appointive fire district treasurers.